UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIA MARITIME PACIFIC CHARTERING LTD., <br><br> Petitioner, <br><br> v. <br><br> COMERCIALIZADORA COLUMBIA S.A. DE C.V., <br><br> Respondent. | No. 22-CV-10789 (RA) <br><br> ORDER |

RONNIE ABRAMS, United States District Judge:

This case has been assigned to me for all purposes. Petitioner Asia Maritime Pacific Chartering Ltd. has requested leave to serve its Petition to Compel Arbitration (the "Petition") by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons stated below, Petitioner's application is denied without prejudice to renewal.

Rule 4(f) provides that individuals in foreign countries may be served by any internationally agreed means of service that is reasonably calculated to give notice, or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022) (citation omitted). However, before a Court may authorize alternative service pursuant to Rule 4(f)(3), the moving party "must make some showing for the need for judicial intervention." *Gang Chen v. China Green Agric., Inc.*, No. 1:20-CV-09232 (MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021). Courts generally consider "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the

circumstances are such that the court's intervention is necessary." *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019).

Here, Petitioner requests leave to serve Respondent, located in Mexico, by email. Although Plaintiff has not attempted to serve Respondent pursuant to the Hague Convention, to which Mexico is a signatory, Petitioner asserts that "[a]bsent service by email in this case, there would be inordinate delays in effecting service of process." Pet. ¶ 31. According to Petitioner, service of process in Mexico pursuant to the Hague Convention is subject to "the interjection of novel, unexplained requirements that can set the process back from a timing perspective." *Id.* ¶ 34. Petitioner further asserts that service of process by email is warranted because Respondents have an active email account. *Id.* ¶ 31.

As an initial matter, the Hague Convention, which governs the international service of judicial documents, applies here because Mexico is a signatory to the Convention. *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 332-32 (S.D.N.Y. 2008). Article 10 of the Hague Convention "permits alternative methods of service unless the receiving country objects," including "direct service 'by postal channels," provided that the destination state does not object to those means. *F.T.C. v. Pecon Software Ltd.*, No. 12-CV-186 PAE, 2013 WL 4016272, at *4 (S.D.N.Y. Aug. 7, 2013). Mexico has objected to alternative means of service pursuant to Article 10. *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios*, No. 20-CV-213 (JPC), 2021 WL 6064202, at *1 (S.D.N.Y. Dec. 21, 2021); *see also* https://www.hcch.net/en/states/authorities/details3/?aid=267 (last visited January 17, 2023). Some district courts have refused to authorize service by email on defendants located in Mexico on that basis. *See, e.g., Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012) ("Service through Mexico's Central Authority is the exclusive method of service of process on parties in

Mexico under the Hague Convention."). Courts in this Circuit are divided as to whether service by email is permissible on defendants located in a country that has objected to Article 10 of the Hague Convention. *Compare F.T.C*, 2013 WL 4016272 (permitting service by email on defendants located in India even though India objected to service under Article 10) *with Smart Study Co. v. Acuteye-Us*, No. 21-CV-5860-GHW, 2022 WL 2872297 (S.D.N.Y. July 21, 2022) (denying request to serve Chinese defendant by email because China objected to service by mail under Article 10) *and Shenzhen Chengront Tech. Co. v. Besign Direct*, No. 22-CV-10281 (JLR), 2022 WL 17741496 (S.D.N.Y. Dec. 9, 2022) (same).

The Court need not decide at this time whether the Hague Convention permits email service on a party in Mexico, as Petitioner has not yet made any attempt to serve Respondent by means that are clearly authorized by the Convention. "When courts have allowed for alternative service, they have done so when plaintiffs have been unable, despite diligent efforts, to serve the defendant in the [foreign country] according to the Hague [ ] Convention procedures." *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 398 (S.D.N.Y. 2014) (internal quotations omitted). Rule 4(f) requires the moving party "first to follow—or attempt to follow—international agreements and law in recognition of principles of comity and not to whimsically seek an alternate means of service." *Gang Chen*, 2021 WL 103306, at *2 (internal quotation omitted). *But see In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012). While the Court recognizes that service on foreign respondents may take time, Petitioner's "desire to move quickly" is not a basis to circumvent procedural rules. *Baliga*, 385 F. Supp. 3d at 220; *see also Sec. & Exch. Comm'n v. Cluff*, No. 17-CV-2460 (RMB) (KNF), 2018 WL 896027, at *4 (S.D.N.Y. Jan. 10, 2018) (same). Accordingly, Petitioner must first attempt service via the procedures set forth in the Hague Convention before the Court will grant Petitioner's motion for

alternative service.

      Petitioner's request for leave to serve by alternative means is denied without prejudice to renewing its application at the appropriate time. Petitioner shall file any additional materials with which it intends to support its petition to compel arbitration by February 13, 2023. Respondent's opposition, if any, is due two weeks after Petitioner has filed proof of service on the docket. Petitioner's reply, if any, is due one week thereafter. Petitioner shall attempt to serve a copy of this Order on Respondent, along with all other required documents, as mandated by Rule 4(f)(1).

SO ORDERED.

Dated:   January 23, 2023
           New York, New York

                                              Ronnie Abrams
                                              United States District Judge